UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

FILED
2009 SEP 21  PM 3: 43

| | |
|---|---|
| SARA R. CRUMP,<br>2763 Derbyshire Road<br>Cleveland Heights, Ohio 44106<br><br>PLAINTIFF,<br><br>v.<br><br>JP MORGAN CHASE BANK,<br>1111 Polaris Parkway<br>Columbus, Ohio 43240<br><br>and<br><br>FEDERAL DEPOSIT INSURANCE<br>CORPORATION,<br>As Receiver for<br>WASHINGTON MUTUAL BANK<br>1601 Bryant Street<br>Dallas, Texas<br><br>DEFENDANTS. | Case No. 1:09CV2189<br><br>JUDGE  JUDGE NUGENT<br><br>COMPLAINT<br><br>MAG. WHITE |

Now comes Plaintiff, Sara R. Crump and for causes of action against Defendants alleges as follows:

STATEMENT OF THE CASE

This case arises because the Plaintiff was the victim of violations of the Truth in Lending act concerning a financial transaction secured by her home at 2763 Derbyshire Road in Cleveland Heights, Ohio.

## JURISDICTION

This Court has jurisdiction over the subject matter of this action pursuant to the laws of the United States, including but not limited to 15 U.S.C. 1601, et seq. Jurisdiction is founded upon 28 U.S.C. 1331 and 1343.

Venue over this matter is governed by 28 U.S.C. 1391(b). The acts complaint of occurred, in substantial part, in the Northern District of Ohio where the real property lies.

## PARTIES AND STANDING

1. The Plaintiff, Sara. R. Crump, AKA Sara Schlaker, is a citizen of the United States and is a resident of Cuyahoga County, Ohio.

2. Upon information and belief, JP Morgan Chase Bank, National Association, is the successor in interest to Washington Mutual Bank. JP Morgan Chase Bank, National Association maintains its principal place of business at 1111 Polaris Parkway, Columbus, Ohio 43240.

3. Upon information and belief, Washington Mutual Bank was a national bank with its principal place of business located at 2273 North Green Valley Parkway in Henderson, Nevada. On September 25, 2008, this institution was placed into receivership by the Federal Deposit Insurance Corporation, 1601 Bryant Street, Dallas, Texas. A copy of the FDIC's listing for Washington Mutual Bank is attached hereto as Plaintiff's Exhibit A and is incorporated herein by reference.

4. Upon information and belief, Washington Mutual Bank, NA was "merged with financial assistance into JP Morgan Chase Bank, National Association". (See Exhibit A).

5. The events leading to the violations recited herein affect real property located at 2763 Derbyshire Road, Cleveland Heights, which is within the political boundaries of Cuyahoga County, Ohio.

6. At all times relevant hereto, the Defendants Washington Mutual Bank and JP Morgan Chase Bank, regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

## FACTUAL ALLEGATIONS

7. On or about August 25, 2005, Plaintiff entered into a consumer credit transaction (hereinafter "the transaction") with Defendant in which the extended consumer credit was subject to a finance charge and which was initially payable to Defendant Washington Mutual Bank.

8. As a part of this consumer credit transaction, the Defendant retained a security interest in 2763 Derbyshire Road, Cleveland Heights, Ohio, which is used as the principal dwelling of the Plaintiff.

9. The security interest was not created to finance the acquisition or initial construction of Plaintiff's dwelling.

10. A true and accurate copy of the mortgage evidencing Defendants' security interest is attached hereto, marked Plaintiff's Exhibit B, and this reference is incorporated herein.

11. The Mortgage evidenced by Plaintiff's Exhibit B is a refinance of an existing obligation to Washington Mutual.

12. On or about September 25, 2008, Washington Mutual Bank was placed into receivership by the Federal Deposit Insurance Corporation, and was merged with JP Morgan Chase Bank, who has not yet filed an assignment of mortgage with the Cuyahoga County Recorder.

## COUNT ONE

13. This consumer credit transaction was subject to the Plaintiff's right of rescission as described by 15 U.S.C. 1635 and Regulation Z 226.23 (12 C.F.R. 226.23).

14. In the course of this consumer credit transaction, Defendant Washington Mutual Bank violated 15 U.S.C. 1635 and Regulation Z 226.23(b) by failing to deliver to the Plaintiff two copies of a notice of the right to rescind which identified the transaction, clearly and conspicuously disclosed the Plaintiff's right to rescind the transaction and clearly and conspicuously disclosed the date the rescission period expired.

15. The notice given to Plaintiff did not comply with the Requirements of 15 U.S.C. 1635 in that it did not specify the date of the transaction nor the date on which her right to cancel would expire.

16. A true and accurate copy of the notice given to Plaintiff is attached hereto as Plaintiff's Exhibit C and is incorporated by reference.

17. The Plaintiff had a continuing right to rescind the transaction until the third business day after receiving both the notice of her right to cancel the transaction, up to three years after consummation of the transaction.

18. On April 1, 2008, the Plaintiff rescinded the transaction by sending a notice of rescission to Defendant Creditor Washington Mutual Bank via certified mail.

19. A true and accurate copy of that notice of rescission is attached hereto, marked Plaintiff's Exhibit D, and by this reference is incorporated herein.

20. On or about April 25, 2008, Plaintiff's former attorney received from Washington Mutual Bank a letter, attached hereto as Plaintiff's Exhibit E, which acknowledges Plaintiff's right of rescission.

21. Plaintiff, through her former counsel, engaged in negotiations with Washington Mutual about the amount to be properly credited to her account.

22. On September 25, 2008, Defendant Washington Mutual Bank was placed into receivership by the FDIC.

23. Plaintiff subsequently received a letter dated November 19, 2008 from the FDIC, indicating that Washington Mutual had been closed, and stating that Plaintiff should file a proof of claim form with the FDIC.

24. A true and accurate copy of this letter is attached hereto as Plaintiff's Exhibit F, and is incorporated by reference.

25. Plaintiff completed the proof of claim form, and returned it to the FDIC.

26. A true and accurate copy of the proof of claim form is attached hereto as Plaintiff's Exhibit G.

27. No settlement of this claim has been made.

28. Plaintiff received a letter from the FDIC dated July 24, 2009, which is entitled Notice of Disallowance of Claim.

29. A true and accurate copy of this letter is attached hereto as Plaintiff's Exhibit H.

30. More than 20 calendar days have passed since the Defendants received copies of the Plaintiff's notice of rescission.

31. The Defendants have failed to take the necessary and appropriate actions to reflect the termination of any security interest created under the transaction as required by 15 U.S.C. 1635(b) and Regulation Z 226.23(d)(2).

32. The Defendants have failed to return to the Plaintiff any money or property given by the Plaintiff to anyone, including the Defendants, as required by 15 U.S.C. 1635(b) and Regulation Z 226.23(d)(2).

33. As a result of the aforesaid violations of the Act and Regulation Z, pursuant to 15 U.S.C. 1635(a), 1640 (a), and 1641(c), Defendants are liable to Plaintiff for:

   a. Rescission of this transaction.
   b. Termination of any security interest in Plaintiff's property created under this transaction.
   c. Statutory damages of $2000 for the disclosure violations.
   d. Statutory damages of $2000 for Defendant's failure to respond properly to Plaintiff's rescission notice.
   e. Forfeiture of return of loan proceeds.
   f. Actual damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, it is respectfully prayed that this Court:

(1) Assume jurisdiction of this case;

(2) Declare the Security Interest in Plaintiff's home void;

(3) Rescind the transaction of April 25, 2005;

(4) Order the Defendants to take all action necessary to terminate any security interest in Plaintiff's property created under the transaction and that the Court declare all such security interests void, including but not limited to the mortgage secured by the property located at 2763 Derbyshire Road, Cleveland Heights, Ohio 44106;

(5) Order the return to the Plaintiff of any new money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

(6) Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining foreclosure proceedings on the Plaintiff's property, from recording any deeds or mortgages regarding the property or from otherwise taking any steps to deprive the Plaintiff of ownership of that property;

(7) Award the Plaintiff statutory damages for disclosure violation, pursuant to 15 U.S.C. 1640(a);

(8) Order that, because the Defendants successor-in-interest failed to act upon the Plaintiff's notice of rescission, the Plaintiff has no duty to tender, but in the alternative, if tender is required, determine the light of the tender obligation in light of all of the Plaintiff's claims, and order the Defendants to accept tender on reasonable terms and over a reasonable period of time;

(9) Award actual damages in an amount to be determined at trial; and

(10)     Award such other relief as the Court deems just and proper.

Dated this 21st day of September 2009.

Submitted By: _____
Sara R. Crump, *Pro Se*
2763 Derbyshire Road
Cleveland Heights, Ohio 44106
Phone (216) 240-4627